UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | |
|---|---|
| AUDREY TAPP, | ) |
|     Plaintiff, | ) |
| | ) CAUSE NO.: 4:16-CV-00158-JHM |
| v. | ) |
| HENDERSON NURSING AND REHABILITATION CENTER, | ) |
|     Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. Plaintiff, Audrey Tapp (hereinafter "Tapp"), brings this action against Defendant, Henderson Nursing and Rehabilitation Center, ("Defendant") alleging that Defendant violated the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201 *et. seq.* and Kentucky Revised Statutes 61.101 *et. seq.*, 216B.165(3) and 337.010 *et. seq.*

### II. PARTIES

2. Tapp is a citizen of Henderson County, Kentucky and has resided within the geographic boundaries of the Western District of Kentucky at all times relevant to this action.

3. Defendant is a business located in Henderson, Kentucky, which does substantial business in the Commonwealth of Kentucky.

### III. JURISDICTION

4. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Defendant is an "employer" as that term is defined under 29 U.S.C. § 203(d), KRS § 61.101(2) and KRS § 337.010(d).

6. Defendant is a "health facility" as that term is defined under KRS 216B.015(13).

7. Tapp is an "employee" as that term is defined under 29 U.S.C. § 203(e)(1), KRS § 61.101(1) and KRS 337.010(e).

8. Defendant is subject to the FLSA because its employees have engaged in commerce.

9. All events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Western District of Kentucky; thus venue is proper in this Court.

## IV.  FACTUAL ALLEGATIONS

10. Tapp began working for the Defendant at the Defendant's health care facility on or about October 26, 2015 as the Assistant Director of Nursing.

11. At all times relevant, Tapp met or exceeded the Defendant's legitimate performance expectations.

12. After beginning employment with the Defendant, Tapp began to notice there were issues within the facility concerning neglect for patient care along with other potential illegal actions being performed by Defendant's employees.

13. As a result, in March of 2016, Tapp engaged in protected activity and made complaints about patient care and neglect and that patients were not getting their proper medications timely to her supervisors.

14. Shortly thereafter, Tapp engaged in further protected activity and responded to an inquiry from the Ombudsman of the State, Cindy Duncan, ("Duncan") who contacted the facility about a patient complaint. Tapp responded honestly to Duncan's inquiries and was later berated by Cathy Allen, ("Allen"), the facility Administrator, who informed her that she must contact Tracy Stevens, ("Stevens"), the Director of Nursing for the facility before she speaks to anyone outside the facility about complaints.

15. In mid to late March 2016, Tapp engaged in protected activity and contacted the Office of Inspector General ("OIG"), concerning her concerns with the facility, specifically that: patients were being neglected; fraudulent billing was taking place; records were being inappropriately and inaccurately kept; Medicare notes/reports were not being completed as required; patients were not properly receiving medication and that a Certified Nursing Assistant was assigned to provide patient medications, which was illegal.

16. At a meeting with Allen which occurred on March 24, 2016, Tapp informed Allen that she had contacted OIG and made complaints about the ongoing illegal actions in the facility. Allen informed Tapp on that date that she was not permitted to contact anyone above her to report complaints about the facility and that

she would be scheduling a meeting with a Corporate representative of the company very soon to address Tapp's complaints, however that never occurred.

17. The next day on March 25, 2016, Tapp was informed after she completed her shift by Allen that she was being removed from working.

18. Meetings were scheduled to discuss Tapp's future employment with the company on March 29 and March 30, but both of those meetings were ultimately canceled.

19. Then on March 31, 2016, Tapp appeared for a meeting with Stevens and Allen and was informed that she was being terminated from her employment on that date.

20. Defendant bypassed its progressive discipline policy contained in its Employee Handbook and terminated Tapp without ever providing her with any formal coaching or counseling, 1st Written Warning, 2nd Written Warning and/or Suspension steps, and instead immediately terminated Tapp's employment.

21. During her time of employment with the company, Tapp regularly worked in excess of forty (40) hour weeks but was never provided any time and a half payment for the work she performed in excess of forty (40) hours per week.

22. At the time of her termination, Tapp had earned and was entitled to receive a bonus in the amount of approximately $4,000. Tapp was ultimately only paid about half, or approximately $2,000 of the bonus amount she was entitled.

## V. LEGAL ALLEGATIONS

### COUNT I: VIOLATION OF THE FLSA – FAILURE TO PAY WAGES

23. Tapp hereby incorporates paragraphs one (1) through twenty-two (22) of her Complaint as if the same were set forth at length herein.

24. Defendant's failure to pay Tapp her full bonus amount she had earned and was entitled constitutes a violation of the FLSA.

25. Tapp believes she was hired as a non-exempt employee of the Defendant who engaged in commerce and/or in an enterprise engaged in commerce.

26. Defendant intentionally and willfully failed to compensate Tapp for wages she had earned within the required timeframe.

27. Tapp is entitled to recover from Defendant all compensation which she earned, as well as liquidated damages pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et. seq.*

28. Defendant's actions in denying Tapp her earned wages are intentional, willful, and/or done with reckless disregard for Tapp's statutory rights.

### COUNT II: VIOLATION OF THE FLSA – FAILURE TO PAY OVERTIME

29. Tapp hereby incorporates paragraphs one (1) through twenty-eight (28) of her Complaint as if the same were set forth at length herein.

30. Tapp believes she was hired as a non-exempt employee of the Defendant who engaged in commerce and/or in an enterprise engaged in commerce.

31. Defendant intentionally and willfully failed to compensate Tapp at least one and one-half times the minimum wage rate of pay for time she spends performing work-related duties in excess of a workweek of forty (40) hours.

32. Tapp is entitled to recover from Defendant all compensation which she earned, as well as liquidated damages pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et. seq.*

33. Defendant's actions in denying Tapp overtime wages are intentional, willful and/or done with reckless disregard for her statutory rights.

### COUNT III: VIOLATION OF KENTUCKY'S WAGE STATUTES
### FAILURE TO PAY WAGES

34. Tapp hereby incorporates paragraphs one (1) through thirty-three (33) of her Complaint as if the same were set forth at length herein.

35. Defendant's failure to pay Tapp her full bonus amount she had earned and was entitled constitutes a violation of KRS 337.010 *et. seq.*

36. Tapp is entitled to recover from Defendant all compensation which she earned, as well as liquidated damages pursuant to KRS 337.010 *et. seq.*

37. Defendant's actions in denying Tapp her full bonus amount are intentional, willful and/or done with reckless disregard for her statutory rights.

### COUNT IV: VIOLATION OF KENTUCKY'S WAGE STATUTES
### FAILURE TO PAY OVERTIME

38. Tapp hereby incorporates paragraphs one (1) through thirty-seven (37) of her Complaint as if the same were set forth at length herein.

39. Tapp believes she was hired as a non-exempt employee of the Defendant who engaged in commerce and/or in an enterprise engaged in commerce.

40. Defendant intentionally and willfully failed to compensate Tapp at least one and one-half times her normal rate of pay for time she spends performing work-related duties in excess of a workweek of forty (40) hours in violation of KRS 337.010 *et. seq.*

41. Tapp is entitled to recover from Defendant all compensation which she earned, as well as liquidated damages pursuant KRS 337.010 *et. seq.*

42. Defendant's actions in denying Tapp overtime wages are intentional, willful and/or done with reckless disregard for her statutory rights.

## COUNT V: VIOLATION OF KENTUCKY'S WHISTLEBLOWER STATUTE

43. Tapp hereby incorporates paragraphs one (1) through forty-two (42) of her Complaint as if the same were set forth at length herein.

44. Defendant's aforementioned actions in terminating Tapp's employment constitute a violation of KRS 61.101 *et. seq.*

45. Tapp has suffered damages as a result of Defendant's unlawful actions.

## COUNT VI: WRONGFUL TERMINATION

46. Tapp hereby incorporates paragraphs one (1) through forty-five (45) of her Complaint as if the same were set forth at length herein.

47. Defendant terminated Tapp's employment because she refused to violate the law in the course of her employment in violation of KRS 61.101 *et. seq.*

48. Tapp has suffered damages as a result of Defendant's unlawful actions.

### COUNT VII: RETALIATION UNDER KRS 216B.165(3)

49. Tapp hereby incorporates paragraphs one (1) through forty-eight (48) of her Complaint as if the same were set forth at length herein.

50. Defendant's aforementioned actions in terminating Tapp's employment constitute a violation of KRS 216B.165(3).

51. Tapp has suffered damages as a result of Defendant's unlawful actions.

### VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Audrey Tapp, by counsel, respectfully requests the following:

A. Reinstate Plaintiff to the position, salary and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award her front pay in lieu thereof;

B. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

C. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

D. Compensatory damages;

E. Punitive damages;

F. Liquidated damages for Defendant's violations of the FLSA and KRS 337.010 *et. seq.*

G. All costs and attorney's fees incurred as a result of bringing this action;

H. Pre- and post-judgment interest on all sums recoverable;

I. All other damages Plaintiff is entitled to recover under the relevant laws; and

J. All other legal and/or equitable relief this Court sees fit to grant.

    Respectfully submitted,

    BIESECKER DUTKANYCH & MACER, LLC

    By: s/Andrew Dukanych III
    Andrew Dutkanych III
    Kentucky Attorney No. 91190
    411 Main Street
    Evansville, IN 47708
    Telephone: (812) 424-1000
    Facsimile: (812) 424-1005
    Email: ad@bdlegal.com
    *Attorneys for Plaintiff, Audrey Tapp*

## DEMAND FOR JURY TRIAL

Plaintiff, Audrey Tapp, by counsel, requests a trial by jury on all issues deemed so triable.

    Respectfully submitted

    BIESECKER DUTKANYCH & MACER, LLC

    By: s/Andrew Dukanych III

    Andrew Dutkanych III
    Kentucky Attorney No. 91190
    411 Main Street
    Evansville, IN 47708
    Telephone: (812) 424-1000
    Facsimile: (812) 424-1005
    Email: ad@bdlegal.com
    *Attorneys for Plaintiff, Audrey Tapp*